**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KCI Restaurant Management LLC, et al., | No. CV-18-00202-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Theodore M Seldin, et al., | |
| Defendants. | |

Plaintiffs KCI Restaurant Management, LLC ("KCIR") and KCI Acquisitions II, LLC ("KCI Acquisitions") have sued Defendant Theodore Seldin and many others ("Defendants") for indemnity, contribution, unjust enrichment, and breach of fiduciary duty. Doc. 1. Defendants ask the Court to dismiss the complaint under Rule 12(b)(6) for failure to state a claim (Doc. 23), and Plaintiffs ask the Court to strike portions of Defendants' reply (Doc. 47). The motions are fully briefed and no party requests oral argument. The Court will grant Defendants' motion and deny the motion to strike.

**I.     Background.**

This case arises from a complex set of relationships and events that produced bankruptcy litigation, a state court lawsuit, a Nebraska arbitration, and this action. The facts are not easily grasped, and the Court will recount only those that are essential to this ruling. For purposes of this motion, the allegations of Plaintiffs' complaint are deemed true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

SVP Financial Services Partners, LLLP ("SVP Partners") and Sky Financial Investments, LLC ("Sky Financial") were established in 1999 as vehicles for 96 individuals to invest in 204 Pizza Hut restaurants. Doc. 1 ¶ 19. By 2003, SVP Partners and Sky Financial were in danger of bankruptcy. *Id.* ¶ 20. Sky Colonial II Management LLC ("Colonial") took over the management of Sky Financial in 2004. *Id.* ¶ 21. Plaintiff KCIR is the sole member and owner of Colonial, and Colonial has assigned its litigation rights to Plaintiff KCIR. *Id.* Plaintiff KCIR took over the management of SVP Partners in 2005. *Id.* This order will refer to Plaintiff KCIR and Colonial collectively as Plaintiff KCIR.

Under the terms of the management agreements, Plaintiff KCIR was entitled to "an annual management fee equal to 1% of the contributed capital" as well as "reimbursement of its expenses." *Id.* ¶ 25. Although Plaintiff KCIR covered approximately one million dollars in expenses for SVP Partners and Sky Financial, it did not receive its annual management fee for nine years. *Id.* ¶ 26. On September 26, 2013, SVP Partners and Sky Financial paid Plaintiff KCIR $1,814,511 to cover some, but not all, of its management fees and expenses. *Id.* ¶¶ 31, 33. Sky Financial's share of this sum was $1,075,007. *Id.* ¶¶ 39. Plaintiff KCIR terminated its management relationships four days later. *Id.* ¶ 24.

SVP Partners and Sky Financial filed for bankruptcy on September 26, 2014. *Id.* ¶ 34 (citing Case No. 2:14-bk-14741-BKM). The bankruptcy trustee filed two complaints against Plaintiff KCIR (the "Avoidance Claims"). First, in October 2014, the trustee sought return of the $1,814,511 payment, alleging that it was a recoverable preference. *Id.* ¶ 35. Second, in September 2016, the trustee sought recovery of the same $1,814,511 as a fraudulent conveyance. *Id.* ¶ 36. Plaintiffs spent approximately $647,292.73 in response to these Avoidance Claims: Plaintiff KCIR spent approximately $500,000 defending against the claims, Plaintiff KCI Acquisitions spent $130,000 to extinguish them at a public auction, and Plaintiffs spent $17,292.73 to subordinate their proof of claim in the bankruptcy proceeding. *Id.* ¶¶ 47, 57.

Meanwhile, Defendants – who were investors in Sky Financial – initiated a Nebraska arbitration proceeding against an unspecified party. Defendants argued in the arbitration that they were entitled to two-thirds of $1,075,007 that Sky Financial paid to Plaintiff KCIR. *Id.* ¶¶ 37-38. On October 23, 2016, the arbitrator awarded Defendants two-thirds of the $1,075,007 figure. *Id.* ¶ 39.

Plaintiffs claim in this lawsuit that if Defendants were entitled to recover this sum in the arbitration, then they also were partly responsible for defending against the Avoidance Claims brought by the bankruptcy trustee and should be required to reimburse Plaintiffs for some of the costs Plaintiffs incurred in defending against and extinguishing those claims. *Id.* ¶¶ 40-41. Defendants characterize this assertion as an attempt to make an end-run around the arbitrator's award. Doc. 23 at 5.[1]

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

---

[1] Noting that the arbitration award is subject to an ongoing appeal in Nebraska state court, Defendants contend that Plaintiffs' claim is not ripe for adjudication. Doc. 23 at 8. In a footnote, Defendants state that "[a]s ripeness implicates the subject matter jurisdiction of the Court, . . . Defendants hereby alternatively move, as necessary, for dismissal under Rule of Civil Procedure 12(b)(1) for lack of jurisdiction." *Id.* The Court need not address this jurisdictional argument because it is wholly conclusory, the arbitration award apparently has now been affirmed by the Nebraska court, and Plaintiff's complaint relies not on the award but on arguments Defendants made in the arbitration proceeding. Doc. 1 ¶¶ 40 ("Due to their claim to entitlement to two-thirds . . ."), 42 ("Based upon their claims of entitlement . . ."), 54 ("Based upon their contention that they are entitled to two-thirds . . .").

**III. Discussion.**

Plaintiffs allege that Defendants owe them at least two-thirds of the approximately $647,292.73 they spent in defending against and extinguishing the Avoidance Claims. Doc. 1 ¶¶ 40-41. Plaintiffs present four causes of action. *Id.* ¶¶ 52-72.

**A. Indemnity.**

Count One seeks indemnity. *Id.* ¶ 52-58. Defendants contend that indemnity is not available because Plaintiffs seek to recover only some, as opposed to all, of their expenditures. Doc. 23 at 9. Plaintiffs do not respond to this argument. Doc. 45 at 4-7.

The Arizona Court of Appeals has explained:

> Indemnity allows one who has discharged a common liability to seek reimbursement in full from another. Indemnity is an all or nothing proposition damage-wise, and hence should be an all or nothing proposition fault-wise. Its purpose is neither to apportion damages nor to balance relative degrees of fault, but to give full restitution to one who pays damages but is without personal fault. It permits one defendant to shift the entire loss to one who more justly deserves it.

*Herstam v. Deloitte & Touche, LLP*, 919 P.2d 1381, 1388-89 (Ariz. Ct. App. 1996) (alteration, internal quotation marks, and citations omitted); *see also In re Allstate Life Ins. Co. Litig.*, Nos. CV-09-8162-PCT-GMS, CV-09-8174-PCT-GMS, 2011 WL 5826006, at *6 (D. Ariz. Nov. 18, 2011) (same).

Count One does not seek full recovery of the expenses Plaintiffs incurred in defending against the Avoidance Claims. *See* Doc. 1 ¶¶ 55, 58. Rather, it seeks to recover Defendants' "fair and proportionate share of two-thirds of the costs incurred by Plaintiffs." *Id.* ¶ 58. Arizona indemnity law does not permit such a recovery. The Court therefore will dismiss Count One.

Additionally, "indemnity is not permitted where the conduct of the indemnitee made him an active participant in the liability-creating event." *Shea v. Superior Court of Maricopa Cty.*, 723 P.2d 89, 92 (Ariz. 1986) (quotation marks, citations, and brackets omitted). If there was liability on the trustee's claims that the $1,814,511 payment was an improper preference and a fraudulent transfer, there can be no doubt that Plaintiffs –

which secured and received the challenged payment – were active participants in the liability-creating event. As a result, Plaintiffs cannot bring a claim for indemnity under Arizona law.

**B.  Contribution.**

Count Two seeks contribution from Defendants for their "share in the proportionate loss suffered and paid by [] Plaintiffs on behalf of [Defendants] to defend against and dispose of the Avoidance Claims." *Id.* ¶ 62. Because the complaint does not allege that Defendants have ever received any portion of the money at issue in the Avoidance Claims, Defendants contend that there was no common burden or obligation shared with Plaintiffs. Doc. 23 at 9-11. Plaintiffs emphasize their allegation that the money at issue in the Avoidance Claims was a common burden despite the fact that the trustee chose to sue Plaintiff KCIR alone. Doc. 45 at 8. The Court agrees with Defendants.

Plaintiffs rely on the following Arizona law:

> [W]here two or more persons are obliged to bear a common burden which should be borne with equality, one should not be required to bear a greater burden than the other. . . . Nor does the right to sue for contribution depend upon a prior determination that the defendant is liable. Liability is a matter to be decided in a suit for contribution. The plaintiff, however, must prove that there was a common burden or debt, and that as between himself and the defendant he had paid more than his share of the obligation common to both.

*Ocean Accident & Guarantee Corp. v. U.S. Fid. & Guar. Co.*, 162 P.2d 609, 612 (Ariz. 1945); *see also Brown v. Brown*, 119 P.2d 939, 939 (Ariz. 1941) ("The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares.").

For a right of contribution to exist under this case law, Plaintiffs must have discharged a common burden or debt.[2] The complaint alleges that this requirement is satisfied: "Due to their claim to entitlement to two-thirds of the attorney fees and expense reimbursements paid to [Plaintiff] KCIR, [Defendants] would be responsible for and liable to pay two-thirds of any liability or judgment entered against [Plaintiff] KCIR in the Avoidance Claims." *Id.* ¶ 40. This conclusory allegation is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 680. It also is clearly incorrect.

The bankruptcy trustee sued Plaintiff KCIR to recover the $1,814,511 payment, alleging that the payment was either a wrongful preference or a fraudulent conveyance. Doc. 1 ¶¶ 34-36. Both of these claims asserted that Plaintiff KCIR received funds from the bankruptcy estate to which it was not entitled. Defendants could not have been liable on these claims because the complaint does not allege that Defendants received all or any portion of the $1,814,511 payment from the estate. Because Defendants did not receive these funds from the bankruptcy estate, they could not have been liable to repay them to the estate as an improper preference of fraudulent transfer. And because Defendants could not have been liable for the payments, Plaintiffs did not discharge all or part of a common burden or debt and are not entitled to contribution.

### C. Unjust Enrichment.

Count Three alleges that Defendants have been unjustly enriched by Plaintiffs' defense and elimination of the Avoidance Claims. Doc. 1 ¶¶ 63-68. To succeed on this claim, Plaintiffs must establish "(1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of justification for the enrichment and impoverishment and (5) the absence of any remedy at law." *Loiselle v. Cosas Mgmt. Grp., LLC*, 228 P.3d 943, 946 (Ariz. Ct. App. 2010) (quoting *Mousa v. Saba*, 218 P.3d 1038, 1045 (Ariz. Ct. App. 2009)). Defendants contend that the complaint does not allege facts establishing enrichment. Doc. 23 at 11-12. Plaintiffs counter that Defendants

---

[2] The Court notes that contribution law in Arizona has since been altered significantly by statute, *see* A.R.S. § 12-2501, but the statutory changes apply primarily to tort cases.

were enriched because Plaintiffs "defended and extinguished claims encompassing the $716,671.33 awarded to Defendants" in the arbitration. Doc. 45 at 9. The Court agrees with Defendants.

This claim suffers from the same deficiency as the contribution claim: it relies on an unsupported legal conclusion that the Avoidance Claims exposed Defendants to liability. Because the complaint does not allege facts to show that Defendants shared a common burden in the Avoidance Claims, it does not allege facts showing that Plaintiffs' independent defense of those claims enriched Defendants.

### D. Breach of Fiduciary Duty.

Count Four alleges that Defendants breached a fiduciary duty by impeding Plaintiffs' defense against the Avoidance Claims. *Id.* ¶ 71. The complaint alleges:

> [Defendants] owed duties to Plaintiffs pursuant to [Defendants'] claim to 2/3rds of the attorney fees and expense reimbursements paid to [Plaintiff] KCIR, [Defendants'] exposure and potential liability on the Avoidance Claims, the mutually beneficial goal of defending and eliminating the Avoidance Claims, and the benefits bestowed upon [Defendants] by the actions of Plaintiffs.

*Id.* ¶ 70. Defendants contend that this is not sufficient to establish the existence of a fiduciary duty. Doc. 23 at 12. The Court agrees.

"A fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, [or] intrusting of power." *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996) (quotation marks and citations omitted), *as corrected on denial of reconsideration* (Jan. 13, 1997). "[T]he relation of the parties must be such that one is bound to act for the benefit of the other." *Cook v. Orkin Exterminating Co., Inc.*, 258 P.3d 149, 152 (Ariz. Ct. App. 2011) (internal quotation marks omitted).

Plaintiffs concede that the parties "do not hold a position of trust or confidence over the other," but argue that "equity, fairness, and special circumstances warrant the imposition of a duty upon Defendants to [Plaintiffs] to avoid an unjust result and a

reward for bad behavior." Doc. 45 at 11. Plaintiffs argue that Defendants had a duty "to cooperate in the joint defense or, at least, not sabotage it." Doc. 45 at 12. But Plaintiffs do not cite any controlling authority to suggest that the facts of this case establish a fiduciary duty. Doc. 45 at 10-11 (citing *L.A. Sheet Metal Workers' Joint Apprenticeship Training Comm. v. Walter*, 139 F.3d 906, at *3 (9th Cir. 1998) (unpublished, non-citable, non-precedential opinion interpreting California law)). And the complaint is devoid of any allegations describing the characteristics of a fiduciary relationship: intimacy, secrets, and entrusting of power. Plaintiffs' conclusory allegation of a duty is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 680.

Further, as explained above, Plaintiffs have not alleged facts showing that Defendants had any obligation with respect to the Avoidance Claims. In those claims, the bankruptcy trustee sought the $1,814,511 payment for the estate. As investors with potential interests in the assets of the bankruptcy estate, Defendants had no special duty to avoid interfering with the trustee's effort to recover assets for the estate.

Plaintiffs' reliance on *United Services Automobile Association v. Morris*, 741 P.2d 246 (Ariz. 1987), is misplaced. Doc. 45 at 12. That case held that an insurance contract required the insured to help the insurer prepare a defense to a liability claim. *Id.* at 250. Plaintiffs identify no contract that created a similar duty in this case.

**IV. Motion to Strike.**

Plaintiffs move to strike the exhibits and arguments included in Defendants' reply brief. Doc. 47. Because the Court has not considered those exhibits and arguments, the motion to strike is denied as moot.

**IT IS ORDERED:**

1. Defendants' motion to dismiss under Rule 12(b)(6) (Doc. 23) is **granted**.
2. Plaintiffs' motion to strike (Doc. 47) is **denied as moot**.
3. The Clerk of Court shall terminate this case pursuant to this Order.

Dated this 6th day of August, 2018.

David G. Campbell
United States District Judge