**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KCI Restaurant Management LLC, et al., | No. CV-18-00202-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Theodore M Seldin, et al., | |
| Defendants. | |

Defendants Theodore Seldin and many others ("Defendants") seek Rule 11 sanctions against Plaintiffs KCI Restaurant Management, LLC ("KCIR") and KCI Acquisitions II, LLC. Doc. 57. The motion is fully briefed and no party requests oral argument. Docs. 65,66. The Court will deny the motion.

**I.     Background.**

This case arises from a complex set of relationships and events that produced bankruptcy litigation, a state court lawsuit, a Nebraska arbitration, and this case. The facts are not easily grasped, and the Court will recount only those essential to this ruling.

KCIR and its subsidiary managed Defendants' investment business from 2004 to 2013. *See* Doc. 1 ¶¶ 19-24. Plaintiffs terminated the agreement with Defendants in 2013 just after collecting $1,814,511 in management fees. *Id*. ¶¶ 31, 33. The business filed for bankruptcy in 2013, and the trustee filed two complaints against KCIR for return of management fees. *Id*. ¶¶ 35-36. KCIR spent approximately $640,000 defending and ultimately settling these claims. *Id*. ¶¶ 47,57.

Meanwhile, Defendants initiated a Nebraska arbitration against an unspecified party. Defendants argued in the arbitration that they were entitled to two-thirds of a portion of KCIR's management fees because KCIR's receipt of the fees was a violation of a corporate opportunity that their position in the company entitled them to share. *Id.* ¶¶ 37-38. The arbitrator agreed and awarded Defendants two-thirds of the $1,075,007 portion they contested. *Id.* ¶ 39.

Plaintiffs then sued Defendants for indemnification, contribution, unjust enrichment, and breach of fiduciary duty. *See* Doc. 1. Plaintiffs claimed that if Defendants were entitled to recover this sum in arbitration, then they also were partly responsible for defending against the claims brought by the bankruptcy trustee and should be required to reimburse Plaintiffs for some of the costs Plaintiffs incurred in defending against those claims. *Id.* ¶¶ 40-41. Defendants characterized this assertion as an end-run around the arbitrator's award. Doc. 23 at 5.

The Court dismissed the case for failure to state a claim, finding that Plaintiffs could not seek partial indemnification from Defendants and did not allege facts showing that Defendants were liable to the bankruptcy estate for purposes of contribution, that Defendants were enriched by Plaintiffs' defense of the bankruptcy claims, or that Defendants owed Plaintiffs a fiduciary duty. Defendants now move for Rule 11 sanctions.

**II.     Legal Standard.**

Courts may impose sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *See* Fed. R. Civ. P. 11(c); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Courts must "exercise extreme caution" in imposing Rule 11 sanctions. *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994); *see also Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) (Rule 11 sanctions are to be reserved for "rare and exceptional" cases). Rule 11 sanctions are imposed at the Court's discretion. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) ("Although courts may impose sanctions . . . they are not required to do so.").

## III. Discussion.

Defendants first argue that sanctions are appropriate because KCI's allegations did not satisfy the legal requirements for indemnification, unjust enrichment, contribution, and breach of fiduciary duties, the claims were frivolous under Rule 11. *See* Doc. 57 at 13-17. KCI initially pled arguable claims for relief. *See Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1988). KCI's claims were plausible under the common law, and the Court cannot conclude KCI asserted them without reasonable and competent inquiry even though the Court ultimately determined that KCI's conclusions were erroneous. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1988). The Court will deny Defendants' motion on this ground.

Defendants next argue that KCI harassed them with patently frivolous claims for the "improper purpose of nullifying a final, binding, and non-appealable arbitration award that [had] been confirmed as a final judgment." [Doc. 57 at 12]. Plaintiffs' claims followed a period of intense and contentious arbitration and litigation over complex issues. As both Plaintiffs and Defendants acknowledge, Plaintiffs were not parties to the arbitration. *See* Docs. 57 at 10; 65 at 15. Contrary to Defendants' arguments, it is questionable whether Plaintiffs had the opportunity to bring these claims in earlier proceedings. Further, Defendants arguments rely heavily on the frivolousness of Plaintiffs' claims, but the Court has already determined that Plaintiffs' claims were not frivolous. The Court cannot conclude that Plaintiffs used their claims to harass Defendants and nullify a final arbitration award.

**IT IS ORDERED** that Defendants' motion for Rule 11 sanctions (Doc. 57) is **denied**.

Dated this 6th day of December, 2018.

David G. Campbell
Senior United States District Judge